OPINION OF THE COURT

Per Curiam.

Judgment of conviction rendered May 22, 1978 (McBrien, J.), affirmed.
We agree that defendant’s right to effectively cross-examine the witnesses against him was not unreasonably restricted despite their invocation of the Fifth Amendment privilege. The questions to which answer was refused, concerning the immigration status and income tax liability of the witnesses, were collateral in nature, went to general credibility only, and had no relation to the subject matter of the direct examination. Therefore, under the rule enunciated in United States v Cardillo (316 F2d 606, cert den 375 US 822), there was no necessity to strike the direct testimony. To be distinguished is the situation where the witness asserts his privilege against self incrimination when cross-examined as to those matters testified to on direct examination (see People v Baker, 39 NY2d 923).
The verdicts are not reversibly inconsistent inasmuch as the crimes submitted to the jury, menacing (Penal Law, § 120.15) and criminal possession of a weapon in the fourth degree (Penal Law, § 265.01, subd [2]), do not contain precisely identical elements (People v Cwikla, 60 AD2d 40, 45). Nor do we perceive any prejudicial error in the charge, to which no objection or exception was taken (CPL 470.05, subd 2).
Concur: Dudley, P. J., Riccobono and Asch, JJ.